IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ISOM ROGERS,<br><br>Defendant. | Case No. CR08-0072<br><br>ORDER FOR PRETRIAL DETENTION |

On the 20th day of May, 2009, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Patrick J. Reinert. The Defendant appeared personally and was represented by his attorney, James Bryson Clements.

## RELEVANT FACTS

On May 6, 2009, Defendant Isom Rogers was charged by Superseding Indictment (docket number 21) with five counts of financial institution fraud. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on July 20, 2009.

At the time of hearing, the Government did not proffer any evidence regarding the instant charges. Instead, the Government relies on the pretrial services report, particularly the references to Defendant's prior criminal record, to support its argument that Defendant should be detained prior to trial.

Defendant is 28 years old and has resided in Davenport, Iowa, for most of his life. He has never been married and has no children. Defendant stopped attending school when he was sentenced to state prison, but subsequently earned his GED while in custody. Defendant has only a sporadic work history. Defendant does not have any serious medical

1

or mental health conditions. Defendant denies any alcohol or substance abuse issues, although he did participate in a drug treatment program while in prison.

In February and April, 1996, Defendant was arrested and charged in five separate cases in Scott County, Iowa. Defendant was eventually convicted of willful injury, assault during a felony, theft in the first degree, going armed with intent, robbery in the first degree, and a second count of willful injury. Defendant was sentenced to prison on June 26, 1996 and was discharged on August 23, 2006, more than ten years later.

On October 27, 2006, shortly after being discharged from prison, Defendant was charged with assault causing bodily injury. The victim reported to police at the time that Defendant "struck her repeatedly with a fist and then held a knife to her throat, threatening to kill her." Defendant was sentenced on November 22, 2006 to 20 days in jail.

On March 23, 2007, Defendant was arrested for domestic abuse assault causing bodily injury. The victim reported to police that Defendant kicked her, hit her in the face, ribs, and kidneys, and then placed a belt around her neck and applied pressure until she lost consciousness. On June 29, 2007, while the first case was pending, Defendant was arrested on two more counts of domestic abuse assault and willful injury. In that case, Defendant grabbed the victim by the back of her head and pulled her out of a car, throwing her to the ground. The victim reported that she was "chocked out" and awoke to the sound of her son crying. The victim sustained a fracture to her ankle and needed two plates and eight screws to repair it. In a separate incident, Defendant punched and choked the victim, resulting in "a blown eardrum and a broken nose." On November 15, 2007, Defendant was sent to prison and was discharged on May 17, 2009. Defendant was arrested on the instant federal charges upon his discharge from state prison.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984,

while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant has been convicted of two or more crimes of violence, one of the circumstances found in § 3142(f)(1).

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's

3

evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Turning to the facts in the instant action, Defendant is charged with five counts of institutional fraud. The crime is of a nonviolent nature. Based on the record made at the time of hearing, the Court is unable to determine the weight of the evidence against Defendant. Defendant does not have a history of alcohol or substance abuse. Defendant has apparently lived in Iowa all of his life, although there was some confusion regarding where he would reside if he is released from custody. Of particular concern to the Court, however, is the Defendant's history of violent behavior. As detailed above, Defendant has repeatedly been convicted of violent crimes. After being released from prison in August 2006, Defendant returned to his violent behavior almost immediately. Defendant committed five violent offenses within the next year and was sent back to prison. The Court believes that it is unlikely that the Defendant would comply with any terms or conditions of release.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court further finds by clear and convincing evidence

that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (May 18, 2009) to the filing of this Ruling (May 21, 2009) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F).

DATED this 21st day of May, 2009.

_____
JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA