# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR08-0072-MWB |
| vs. | ORDER CONCERNING MAGISTRATE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION TO DETERMINE DEFAULT AND ADDITIONAL SANCTIONS |
| ISOM ROGERS, | |
| Defendant. | |

## *I. INTRODUCTION AND BACKGROUND*

On May 6, 2009, defendant Isom Rogers was charged in an Indictment with multiple counts of bank fraud, in violation of 18 U.S.C. § 1344. On July 1, 2009, Rogers appeared before Chief United States Magistrate Judge Jon S. Scoles and entered a plea of guilty to Counts 4 and 5 of the Superseding Indictment. On this same date, Judge Scoles filed a Report and Recommendation in which he recommended that Rogers's guilty plea be accepted. Chief Judge Linda R. Reade subsequently accepted Rogers's guilty plea. On October 20, 2010, I sentenced Rogers to 120 months imprisonment on Counts 4 and 5, with the sentences to run concurrently. Rogers was also ordered to pay a $200 special assessment and $18,921.09 in restitution. I ordered Rogers to make monthly payments of at least $25 per quarter:

> While incarcerated, the defendant shall make monthly payments in accordance with the Bureau of Prison's Financial Responsibility Program. The amount of the monthly payments shall not exceed 50% of the funds available to the defendant

> through institution or non-institution (community) resources
> and shall be at least $25 per quarter.

Judgment at 7.

Rogers has not paid any amount toward his restitution obligation. On July 10, 2012, the prosecution filed a Motion to Determine Default and Additional Sanctions (docket no. 380). In its motion, the prosecution asks that Rogers be found in default on his restitution obligation and sanctions imposed. Rogers did not file a resistance to the prosecution's motion.

The prosecution's motion was referred to Judge Scoles, pursuant to 28 U.S.C. § 636(b). On August 1, 2012, Judge Scoles conducted an evidentiary hearing and, on August 2, 2012, filed a Report and Recommendation in which he recommends that the prosecution's motion be granted. Judge Scoles found that Rogers's failure to make any restitution payments has been willful. Judge Scoles recommends that I find Rogers in default on the payment of his restitution obligation. Judge Scoles further recommends, as a sanction, that the Bureau of Prisons be directed to seize all money coming into Rogerx's account until he is current on his restitution obligation. Once Rogers is current, Judge Scoles recommends that Rogers be given the opportunity to voluntarily pay not less than $25 per quarter, as previously ordered. Neither the prosecution nor Rogers have filed objections to Judge Scoles's Report and Recommendation.

## II. LEGAL ANALYSIS

I review the magistrate judge's report and recommendation pursuant to the statutory standards found in 28 U.S.C. § 636(b)(1):

> A judge of the court shall make a de novo determination of
> those portions of the report or specified proposed findings or
> recommendations to which objection is made. A judge of the

> court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1) (2006); *see* Fed. R. Civ. P. 72(b) (stating identical requirements); N.D. IA. L.R. 7.1 (allowing the referral of dispositive matters to a magistrate judge but not articulating any standards to review the magistrate judge's report and recommendation). While examining these statutory standards, the United States Supreme Court explained:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 154 (1985). Thus, a district court *may* review de novo any issue in a magistrate judge's report and recommendation at any time. *Id.* If a party files an objection to the magistrate judge's report and recommendation, however, the district court *must* "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas*, 474 U.S. at 150.

In this case, no objections have been filed. As a result, I have reviewed Judge Scoles's Report and Recommendation under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only

3

have to review the findings of the magistrate judge for clear error"); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). After conducting my review, I am not "'left with [a] definite and firm conviction that a mistake has been committed,'" and find no reason to reject or modify the magistrate judge's recommendation. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). Therefore, I **accept** Judge Scoles's Report and Recommendation and **grant** the prosecution's motion as follows: The Bureau of Prisons is directed to seize all money coming into Rogers's account until he is current on his restitution obligation. After Rogers becomes current, he will be given the opportunity to again voluntarily pay not less than $25 per quarter, as previously ordered. If Rogers refuses to pay any money toward his restitution obligation, I will consider additional sanctions on the prosecution's application.

     **IT IS SO ORDERED.**

     **DATED** this 27th day of August, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA